TOOLE & SHEMPHERT, plaintiffs in error, *vs.* WILLIAM P. JOWERS, defendant in error.

1. An affidavit made to foreclose a merchant's lien, under the 1977th section of the Code, must state that the deponent is either a factor or a merchant, and that, as such, he has furnished either provisions or commercial manures, or both, to the defendant, and also the terms upon which said supplies were furnished.

2. Proceedings to foreclose the lien must be commenced within one year after the debt becomes due.

3. The fact that the defendant had replevied the property by giving bond and security, did not deprive him of the right to move to dismiss the proceedings, he having alleged in his counter-affidavit that they were void under the law.

Factor's lien. Affidavit. Statute of limitations. Estoppel. Before Judge CLARK. Webster Superior Court. March Term, 1873.

For the facts of this case, see the decision.

W. A. HAWKINS, for plaintiffs in error.

HAWKINS, GUERRY & HOLLIS; ALLEN FORT, for defendant.

WARNER, Chief Justice.

This was a proceeding on the part of the plaintiffs against the defendant to enforce a merchant's lien, under the provisions of the 1977th section of the Code. The lien of the plaintiffs is founded on an instrument executed by the defendant to the plaintiffs on his growing crop, pledging the same for the payment of two drafts drawn by the defendant upon the plaintiffs for advances made by them to him. The affidavit of the plaintiffs foreclosing the lien states that the defendant is indebted to them the sum of $536 45, for supplies furnished him to make a crop for the years 1870 and 1871, but does not state that the defendant was indebted to them for provisions or commercial manures furnished him by agreement between them. The defendant made a counter-affidavit, and stated therein, amongst other things, that the affidavit made by the plaintiffs to foreclose the lien was made more than twelve months after the same became due, and that the execution was void under the law. On the trial of the issue in the Superior Court, when the plaintiffs offered in evidence the lien *fi. fa.,* and the levy thereon upon the defendant's property, the defendant objected thereto, on the ground that the *fi. fa.* and proceedings to foreclose the lien were void. Whereupon, the Court dismissed the proceedings, refused to allow the plaintiffs to amend their affidavit, and the plaintiffs excepted.

1. We find no error in the rulings of the Court in this case, on the facts as disclosed in the record: *Saulsbury vs. Eason; Pierce vs. Pattishal,* decided at the last term, not yet reported. In the last case cited, it was held that to create a lien under the 1977th section of the Code, and have the same enforced as steamboat liens on the growing crops of farmers, the plaintiff must allege in his affidavit that he is either a factor or a

merchant, and that, as such, he has furnished either provisions or commercial manures, or both, upon such terms as may have been agreed on by the parties.

2. Besides, in the case now before the Court, the alleged lien claim was not prosecuted within one year after the debt became due, as is apparent from the date of the maturity of the drafts set forth in the record.

3. The fact that the defendant had replevied the property levied on to satisfy the lien *fi. fa.* by giving his bond, with security, did not deprive the defendant of his legal right to make the motion to dismiss the proceedings, he having alleged in his counter-affidavit that the same were void under the law.

Let the judgment of the Court below be affirmed.